MERRIAM (KITTLE v.). See Case No. 7,857.

MERRIAM (UNITED STATES v.). See Case No. 15,759.

---

## Case No. 9,462.

MERRIAM et al. v. VAN NEST et al.

[3 Ban. & A. 209;[1] 13 O. G. 597.]

Circuit Court, S. D. New York. Feb., 1878.

PATENTS—WHIP-SOCKETS—EQUIVALENTS.

1. The complainant's patent, for a combination, with whip sockets, of the particular means described for attaching them to carriages—the

---

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

device used being a clamp, one arm of which is formed of projections on the side of the socket, and the other of a lever of the third order, both curved to fit the dash-rail of a carriage, and so constructed that it will fasten to the rail without reaching round it, and is worked by a screw and nut; is not infringed by the use of a socket, with a clamp extending around the rail made up of projections from the socket, a bar to go behind the dash-rail, and two screws with nuts, one on each side of the rail.

2. It is not infringed by the use of a socket with a clamp extending around the rail, made up of projections from the socket, a bar to go behind the rail, and a bar hinged to a projection at one side of the rail.

[This was a bill by John O. Merriam and others against Abraham R. Van Nest and others, for the infringement of a patent, No. 43,858, originally granted to Charles B. Morehouse, August 16, 1864.]

Josiah P. Fitch, for complainants.
Charles J. Hunt, for defendants.

WHEELER, District Judge. This cause has been heard on pleadings, proofs and argument. The plaintiffs own reissued patent, No. 5,713, dated December 30th, 1873, which they allege the defendants infringe. The defendants, among other defences, deny any infringement.

The invention is of an attachment to whip-sockets for fastening them to carriages. Not of whip-sockets, nor of the attachment of them to carriages, for those things were long before known, but of the combination, with whip-sockets, of the particular means described for attaching them to carriages. This is all that is claimed of the patent, and all the patent the invention would bear.

The device used is a clamp, one arm of which is formed of projections on the side of the socket, and the other of a lever of the third order, both curved to fit the dash rail of a carriage; and it will fasten to the rail without reaching round it, and is worked by a screw and nut.

The defendants have sockets, with two different attachments, for fastening them to carriages. Each consists of a clamp, and so far in name their methods are like the plaintiffs'. But each of their clamps is quite different from the plaintiffs'. One is made up of projections from the socket, a bar to go behind the dash-rail, and two screws, with nuts, one each side of the rail. The other, of like projections, and bar to go behind the rail, with the bar hinged to a projection at one side of the rail, and worked by a nut and screw at the other side of the rail. Both extend around the rail.

If the patent had been for the result of attaching a whip-socket to a carriage by the means described, it might be said that the defendants accomplished a result of which the plaintiffs had a monopoly by means mechanically equivalent to the plaintiffs, and that they thereby infringed. But here the whole field of attaching sockets to carriages was left open, except as to the use of the means de-

scribed, and the monopoly of the use of those could not be infringed by the use of others not the same.

From the comparison of the two methods of the defendants with those of the plaintiffs, they do not appear to be the same. They may be equivalents in accomplishing a result, but not in methods of accomplishing it, so there does not appear to be any infringement.

This result makes the consideration of the other defences set up wholly unnecessary for the purposes of the suit. Let a decree be entered dismissing the bill of complaint, with costs.